Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| Banco Popular De Puerto Rico<br><br>*Recurrido*<br><br>v.<br><br>Ilka Violeta Carbo Rodríguez<br><br>*Peticionaria* | TA2025CE00817 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV02549<br><br>Sobre: Cobro de Dinero Ordinario, Ejecución de Hipoteca: Propiedad Residencial |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de enero de 2026.

El 25 de noviembre de 2025, la señora Ilka Violeta Carbo Rodríguez (señora Carbo Rodríguez o peticionaria) presentó ante este Tribunal de Apelaciones, por derecho propio, el recurso de epígrafe.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el recurso por falta de jurisdicción, ello, debido al craso incumplimiento con las disposiciones para el perfeccionamiento de este, lo que nos impide ejercer nuestra función revisora.

**I.**

El 25 de noviembre de 2025, la peticionaria presentó, por derecho propio, ante este foro intermedio un escrito intitulado *Notice of Full Record Appeal Including Consolidate Appeal Case TA 2025CE00398 Motion for Certification of Federal Constitutional Question Request of Special and Immediate Enforcement Mandamus*

*subpoena habeas corpus Auxiliary and Expedite Action of the Court*[1]. Examinado el escrito presentado, nos percatamos que lo hizo por derecho propio sin ser cualificada por el Tribunal de Primera Instancia (TPI o foro recurrido) para auto representarse. Asimismo, observamos que el recurso está redactado en el idioma inglés sin presentar ninguna copia alterna en el idioma español o autorización para prescindir del idioma español. Por otra parte, no constató de cuál Resolución u Orden recurre. De igual modo, no precisó con concordancia los hechos que motivó la petición. Finalmente, tampoco hizo algún señalamiento de error ni argumentación en derecho de clase alguna.

No obstante, del único anejo presentado en el apéndice inferimos que la señora Carbo Rodríguez desea revisar una *Orden*[2] emitida el 17 de noviembre de 2025[3]. En la misma, el TPI autorizó a la Oficina del Procurador de las Personas de Edad Avanzada a comparecer como parte interventora.

El 3 de diciembre de 2025, emitimos y notificamos una *Resolución*[4] para que en un término de diez (10) días, contados a partir de la notificación, Banco Popular de Puerto Rico (BPPR o recurrido) mostrara causa por la cual no se debía expedir el recurso presentado.

Al día siguiente, el 4 de diciembre de 2025, la peticionaria sometió el mismo escrito deficiente que había presentado el 25 de noviembre de 2025.

Por su parte, el 12 de diciembre de 2025, BPPR presentó un escrito intitulado *Moción en Cumplimiento con Resolución*. En el mismo señaló que, el recurso instado no contenía cuestiones de

---

[1] Entrada Núm. 1 del expediente del Tribunal de Apelaciones.
[2] Apéndice 35 del recurso de *Certiorari*.
[3] Notificada el 18 de noviembre de 2025.
[4] Entrada Núm. 2 del expediente del Tribunal de Apelaciones.

derecho y era uno frívolo. Por lo cual, nos solicitó que no expidiéramos el recurso de epígrafe.

## II.

Nuestro más Alto Foro ha expresado que: "[l]a existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados"[5]. Inclusive, el Tribunal Supremo ha resuelto expresamente que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales[6]. Por ello, el derecho procesal apelativo autoriza que se desestime un recurso si la parte promovente incumple con las reglas referentes al perfeccionamiento del mismo[7].

A tenor con las disposiciones reglamentarias del Tribunal de Apelaciones, la parte peticionaria incluirá en el cuerpo de la petición de ***certiorari*** **una referencia a la decisión a la que alude, una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, un señalamiento breve y conciso de los errores que a su juicio cometió el Tribunal de Primera Instancia**[8]. (Énfasis nuestro).

De igual forma, la petición de *certiorari* contendrá un Apéndice. La Regla 34 (E)(1) del Reglamento del Tribunal de Apelaciones[9], dispone en lo pertinente que:

(E) Apéndice

---

[5] *Pérez Soto v. Cantera Pérez Inc. et al.,* 188 DPR 98, 104–105 (2013).
[6] *Febles v. Romar,* 159 DPR 714 (2003).
[7] *Arriaga v. F.S.E.,* 145 DPR 122, 129-132 (1998).
[8] Regla 34 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 54-55, 215 DPR __ (2025).
[9] Regla 34 (E)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 56, 215 DPR __ (2025).

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta**.

(e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.** (Énfasis nuestro).

[…].

En consecuencia, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[10] nos autoriza, a iniciativa propia, a desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) de la regla.

**III.**

Como foro apelativo intermedio, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

---

[10] (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o (5) que el recurso se ha convertido en académico.
Regla 83 (B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

Al revisar la información provista por la señora Carbo Rodríguez, colegimos que la misma no tiene coherencia ni se apega a los requerimientos mínimos exigidos en nuestro Reglamento. Es decir, la peticionaria no hizo una referencia de la Resolución u Orden cuya revisión se solicita. No presentó una relación fiel y concisa de los hechos procesales y materiales del caso. Tampoco hizo algún señalamiento breve y conciso de los errores, ni argumentó alguna ley, reglamento o jurisprudencia la cual podamos considerar pertinente con la controversia. Ni contamos con un Apéndice completo que nos permita considerar su petitorio.

Por otra parte, observamos que la *Orden* de la cual inferimos que la señora Carbo Rodríguez desea revisar no tiene un carácter dispositivo.

Las omisiones por parte de la peticionaria, así como el incumplimiento con las disposiciones de nuestro Reglamento, tienen como resultado un recurso tan defectuoso que nos impide auscultar nuestra jurisdicción, para determinar si procede atenderlo en sus méritos y revisar la corrección del dictamen que se pretende impugnar.

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra*, la cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación o **denegar un auto discrecional cuando este foro carece de jurisdicción**.

### IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de *certiorari* de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones